**CHANNEL 32 HISPANIC BROADCASTERS, LTD., Petitioner/Appellant**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents/Appellees**

**The Pikes Peak Broadcasting Company, et al., Intervenors**

**No. 00–1527, 00–1532.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 13, 2001.

Before EDWARDS, HENDERSON and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

These cases were considered on the record from the Federal Communications Commission (Commission) and on the briefs filed by counsel. The court has accorded the arguments full consideration and has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 36(b). It is

ORDERED that the Commission's November 15, 2000 decision in *Channel 32 Hispanic Broadcasters, Ltd.*, 15 F.C.C.R. 22,649 (2000) (Order), be affirmed. The Order granted three parties' petitions to deny the application of Channel 32 Hispanic Broadcasters, Ltd. (Channel 32) for a construction permit to build a new television station in Pueblo, Colorado. Channel 32 contends that the Order is inconsistent with 47 U.S.C. § 309(l), which provides "[w]ith respect to competing applications for . . . construction permits for . . . television stations that were filed with the Commission before July 1, 1997" that the Commission shall "have the authority to conduct a competitive bidding proceeding," § 309(l)(1); "treat the persons filing such applications as the only persons eligible to be qualified bidders" in a competitive bidding proceeding, § 309(l)(2); and "waive any provisions of its regulations necessary to permit such persons to enter [a settlement] agreement" to remove any conflict between their applications, § 309(l)(3). Channel 32 claims that it and another company, the Word of God Fellowship, Inc. (Word), were competing applicants that had both filed before July 1, 1997. Channel 32 argues that because it and Word entered a settlement agreement, the Commission may not accept competing applications and bids for the Pueblo station. In response, the Commission asserts that we lack jurisdiction to review the petition for review because the Order "is not a final order resolving the issue of the award of the license." Br. of Appellee at 16. We disagree; the Order *does* finally resolve the question whether Channel 32 will be subjected to competing bids or will instead be insulated from competition under § 309(l). We therefore have jurisdiction over Channel 32's petition for review, *see* 47 U.S.C. § 402(a), but because "the provisions for judicial review contained in §§ 402(a) and 402(b) are mutually exclusive," *Tribune Co. v. FCC*, 133 F.3d 61, 66 n. 4 (D.C.Cir.1998) (quotation omitted), we cannot entertain the appeal Channel 32 brought pursuant to 47 U.S.C. § 402(b) and therefore dismiss it. Addressing the merits of Channel 32's petition for review, we deny it. Word never "filed" a complete application with the Commission before the cut-off date as required under § 309(l); it merely *submitted* an application that lacked the proper filing fee. *See* 47 C.F.R. § 1.1116(a)(1), (a)(2) (while "[a] defective fee may be corrected by resubmitting the application" with the correct fee, "the date of resubmission with the correct fee will be considered the date of filing"). Because the Commission rejected Word's application—and because Word did not resubmit it with the correct fee before July 1, 1997—Channel 32's application was never subject to a "competing application." Therefore, Channel 32 cannot avail itself of § 309(l)'s exclusive bidding and settlement provisions.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).